# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § | CASE NO. 04-35113 |
| | § | |
| TOP CONCEPTS, INC. | § | CHAPTER 11 |
| | § | |
| (Tax I.D. No. 05-0824710), | § | |
| Debtors. | § | |

**U. S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
# FILED
**NOV 18 2004**
**TAWANA C. MARSHALL, CLERK**
By_____
Deputy

## MOTION TO LIFT AUTOMATIC STAY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Turner Construction Company of Texas, Movant herein, and makes and files this Motion to Lift Automatic Stay, and in support thereof would respectfully show unto this Court the following:

1.    This Motion is brought pursuant to Sections 361 and 362 of the Bankruptcy Code for relief from the automatic stay and for adequate protection.

2.    The Debtor, Top Concepts, Inc., has filed its voluntary petition herein, has remained in possession of its property, and has continued to operate its business.

3.    Top Concepts, Inc., is engaged generally in the business of construction, roofing materials and repair.

4.    Turner Construction Company of Texas is the holder of a claim against Debtor, Top Concepts, Inc., based upon Debtor Top Concepts, Inc.'s involvement in suit as a Defendant along with Turner Construction Company of Texas, and a number of other subcontractors involved in the Christus St. Joseph Pavilion project, for alleged breach of contract, and negligence.

5.    As a result of the above and foregoing, Cross-Plaintiff in this matter, Turner Construction Company of Texas, filed a cross-action against Debtor Top Concepts, Inc. in the

District Court of Harris County, Texas, 281st Judicial District, Cause No. 2003-31315, and styled

*Christus St. Joseph Hospital v. Turner Construction Company of Texas, Elmore Interest, Inc., L.S.*

*Decker, Inc., Ra-Mar Sheet Metal, Inc., Veazey Construction Corporation, and Top Concepts, Inc.,*

a copy of which is attached as Exhibit "A" and is incorporated by reference as if fully set forth

herein. Herein, Top Concepts filed its Suggestion of Bankruptcy in the 281st Judicial District Court,

a copy of which is attached as Exhibit "B" and is incorporated by reference as if fully set forth

herein.

6.      Based upon information and belief, Turner Construction Company of Texas would

represent that Top Concepts, Inc., is fully insured for all damages arising as a result of the actions

or omissions set forth in the attached third-party petition. Turner Construction Company of Texas

does not have and Top Concepts, Inc., has not provided or offered adequate protection for Turner

Construction Company of Texas' rights with regard to its claim against Top Concepts, Inc.'s

insurer and Top Concepts, Inc., is incapable of providing Turner Construction Company of Texas

with adequate protection of its interest as set forth above.

7.      Turner Construction Company of Texas will suffer irreparable damage as a result

of the injuries it has incurred by way of Top Concepts, Inc.'s actions and/or omissions, unless this

Court orders that the stay be lifted, thereby allowing Turner Construction Company of Texas to

pursue its cause of action against Top Concepts, Inc.'s insurer and the parties at interest in the

aforementioned suit.

8.      Top Concepts, Inc., has no equity in the insurance policy referred to herein and the

same is not essential for reorganization of Top Concepts, Inc.

WHEREFORE, PREMISES CONSIDERED, Movant, TURNER CONSTRUCTION

COMPANY OF TEXAS, respectfully prays: (1) that the stay pursuant to 11 U.S.C. § 362(a)(1)

be modified to permit Turner Construction Company of Texas, to pursue its action against Top

Concepts, Inc.'s insurers; (2) that Top Concepts, Inc. be required, if it has not already, to produce

all insurance agreements and/or policies of insurance under which any person or insurance

company may be liable to satisfy all or part of any judgment rendered in the lawsuit referred to

herein; and (3) that Turner Construction Company of Texas have such other and further relief,

both general and special, at law or in equity as is just.

> Respectfully submitted,
>
> GODWIN GRUBER, L.L.P.
>
> By:  _Amy Dunn Taylor_
>       Chris C. Pappas
>       State Bar No. 15454300
>       Amy Dunn Taylor
>       State Bar No. 19682400
>       5 Houston Center
>       1401 McKinney Street, Suite 2700
>       Houston, Texas 77010-4034
>       Ph:    (713) 425-7400
>       Fax:   (713) 425-7700
>
> ATTORNEYS FOR MOVANT,
> TURNER CONSTRUCTION COMPANY
> OF TEXAS

## CERTIFICATE OF SERVICE

      I do hereby certify a true and correct copy of the above and foregoing document has been forwarded to all the parties on the Master Service List as well as to all known counsel in the underlying matter by first class mail, telecopy, certified mail and/or hand delivery, return receipt requested, on the _____ day of November, 2004.

Chris C. Pappas / Amy Dunn Taylor

# Exhibit "A"

NUV. -11 U5(10E) 10:44      YETTER & WARDEN LLP        TEL:7136528002                    P. 005

11-11-0 ̃

Cause No. 2003-31315

| | | |
|---|---|---|
| CHRISTUS ST. JOSEPH HOSPITAL | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | |
| TURNER CONSTRUCTION COMPANY | § | HARRIS COUNTY, TEXAS |
| OF TEXAS, ELMORE INTEREST, | § | |
| INC., L.S. DECKER, INC., RA-MAR | § | |
| SHEET METAL, INC., VEAZEY | § | |
| CONSTRUCTION CORPORATION, | § | |
| and TOP CONCEPTS, INC. | § | 281ST JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

Plaintiff CHRISTUS St. Joseph Hospital brings this suit against defendants Turner Construction Company of Texas, Elmore Interest, Inc., L.S. Decker, Inc., Ra-Mar Sheet Metal, Inc., Veazey Construction Corporation, and David R. Brecht d/b/a Top Concepts, Inc., and pleads as follows:

### Discovery Control Plan

1.    Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190 and affirmatively pleads that it is seeking monetary relief of more than $50,000.

### Parties

2.    Plaintiff CHRISTUS St. Joseph Hospital ("St. Joseph Hospital") is a non-profit provider of health care services located in Houston, Harris County, Texas.

3.    Defendant Turner Construction Company of Texas ("Turner") is a Texas corporation located at 4263 Dacoma, Houston, Texas 77092. Turner has appeared herein.

4.    Defendant Elmore Interest, Inc., formerly known as Admiral Glass & Mirror ("Admiral"), is a Texas corporation located at 118 South Iowa, League City, Texas 77573. Admiral has been served with process through its registered agent Les Craft, 6655 Polk Street, Houston, Texas 77011, but has not appeared herein.

5.      Defendant L.S. Decker, Inc. ("Decker") is a Texas corporation located at 1706 Seamist, Suite 590, Houston, Texas 77008. Decker has appeared herein.

6.      Defendant Ra-Mar Sheet Metal, Inc. ("Ra-Mar") is a Texas corporation located at 4011 Pinemont, Houston, Texas 77018. Ra-Mar has appeared herein.

7.      Defendant Veazey Construction Corporation ("Veazey") is a Texas corporation located at 7133 Appleton Street, Houston, Texas 77022. Veazey has appeared herein.

8.      Defendant David R. Brecht d/b/a Top Concepts, Inc. ("Top Concepts") is a Texas corporation located at 13436 McGrath Rd., Houston, Texas 77047-4502. It may be served with process through its registered agent, David R. Brecht, 13436 McGrath, Houston, Texas 77047.

## Jurisdiction and Venue

9.      Jurisdiction is appropriate in this Court because the damages sought are within the jurisdictional limits of this court.

10.     Venue is appropriate in Harris County, Texas under TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because the events that give rise to the claim occurred in Harris County.

## Statement of Background Facts

11.     On December 3, 1996, St. Joseph Hospital and Turner entered into a Standard Form of Agreement Between Owner and Contractor where the basis of payment is a Stipulated Sum (the "Agreement"). Under the Agreement, Turner was to construct an "Ambulatory Services Facility" on the city block bounded by Calhoun, Austin, LaBranch, and Jefferson Streets in downtown Houston. This building became known as the St. Joseph Hospital Pavilion (the "Pavilion"). The construction of the Pavilion was completed on October 31, 1998.

The Pavilion now houses critical care services, surgical services, diagnostic imaging, admitting and registration services, endoscopy, and sterile processing.

12.    In June 2001, the Houston area experienced a devastating storm, Tropical Storm Allison.  This storm revealed for the first time structural problems with the Pavilion.  The problems were evident due to water that infiltrated the Pavilion and was present on ceiling fixtures and on and under window sills.  The excessive moisture also resulted in problems with mold formation.   These problems were a result of the Pavilion's substandard original construction and resulted in water infiltration and damage in the Pavilion.

13.    St. Joseph Hospital immediately undertook to investigate these water infiltration problems and determine how the Pavilion building envelope had been compromised.  The Pavilion building envelope was found to have a compromised wall system.  Observations of the wall system included the following:

a)    damaged flashings containing burn and screw holes;

b)    construction details that deviated from architectural details and represented unsound building practices; and

c)    incomplete and uncoordinated details and installation.

These observed problems with the wall system contributed to or caused the water infiltration damages experienced by the Pavilion.

14.    The Pavilion building envelope was also found to have a compromised roof system.  Observations of the roof system included the following:

a)    damage due to maintenance of cooling towers;

b)    inconsistencies in parapet coping materials; and

c)    incomplete overflow installation.

NOV. -11 03(TUE) 16:45     YETTER & WARDEN LLP          TEL:7136328002               P. 006

These problems with the roof system contributed to or caused the water infiltration damages experienced by the Pavilion.

15.     As a result of the water damage, St. Joseph Hospital was forced to retain consultants and contractors to repair the extensive damage and perform remedial work throughout the Pavilion to prevent the occurrence of future water infiltration and damage. Weekly progress meetings were held throughout that process. Those meetings were attended by Turner, and each step of the repair process was vetted and approved by all in attendance, including Turner.

16.     As a result of the investigation, each of the defendants' work was called into question on the original construction of the Pavilion. Turner, as the general contractor, was responsible for overall construction. Turner's subcontractors (and work called into question) included the following: Admiral (glass and glazing), Decker (waterproofing), Ra-Mar (sheet metal), Veazey (masonry), and Top Concepts.

17.     St. Joseph Hospital now seeks from the defendants full reimbursement of the out-of-pocket costs and damages that resulted from the defendants' inadequate, substandard, and negligent work and resulting damage to the Pavilion.

### First Cause of Action
### (Breach of Contract)

18.     The facts set out above demonstrate that the defendants have breached their contractual obligations to plaintiff, resulting in significant money damages to Plaintiff. Specifically, defendants must pay plaintiff for all costs incurred by plaintiff to repair substandard construction performed in violation of defendants' contractual obligations.

### Second Cause of Action
### (Negligence)

19.    The defendants owed plaintiff a legal duty.   Through their actions, defendants breached their duties to plaintiff.   Those breaches proximately caused plaintiff's damages.

### Third Cause of Action
### (Attorneys' fees)

20.    Plaintiff is entitled to recover attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001.  Plaintiff has employed the undersigned attorneys to file this suit and agreed to pay reasonable and necessary fees to prosecute its suit to its conclusion, including any appeals to the Court of Appeals and the Texas Supreme Court.

### Jury Demand

21.    St. Joseph Hospital demands a jury trial on all issues of fact in this suit.

### Prayer

22.    Plaintiff prays that the Court enter judgment awarding plaintiff damages against defendants, and awarding plaintiff its costs of suit, interest, and attorneys' fees and all other relief to which it is justly entitled.

Respectfully submitted,

YETTER & WARDEN, L.L.P.

By: _____
     Eric P. Chenoweth
     State Bar No. 24006989
     909 Fannin, Suite 3600
     Houston, Texas 77010
     (713) 632-8000
     (713) 632-8002 (Fax)

ATTORNEYS FOR PLAINTIFF
CHRISTUS ST. JOSEPH HOSPITAL

## Certificate of Service

I hereby certify that on this 11th day of November, 2003, a true and correct copy of the above and foregoing pleading was forwarded by facsimile to all counsel of record as follows:

Cindy A. Garcia
The Garcia Law Firm, P.C.
201 North 1st Street
Harlingen, Texas 78550

W. Gene Human, Jr.
Three Riverway, Suite 1800
Houston, Texas 77056

David P. Grabowski
Grabowski & Thompson, L.L.P.
10370 Richmond Avenue, Suite 1338
Houston, Texas 77042

Chris C. Pappas
Dunn, Kacal, Adams,
   Pappas & Law, P.C.
One Riverway, Suite 1200
Houston, TX 77056

Marc J. Wojciechowski
Wojciechowski & Associates, P.C.
17447 Kuykendahl Rd., Suite 200
Spring, Texas 77379

_____
Eric Chenoweth

32056.1                                    6

Exhibit "B"

JUN/29/2004/TUE 04:10 PM                                                                P. 002/003

# O'CONNELL & BENJAMIN, L.L.P.
### ATTORNEYS AND COUNSELORS
### 153 TREELINE PARK, SUITE 200
### SAN ANTONIO, TEXAS 78209

E-MAIL: obcllp@oconben.com

TELEPHONE (210) 824-0009
FACSIMILE (210) 824-8443

June 29, 2004

*Via Certified Mail No. 7003 2260 0003 9096 2933*
Mr. Charles Bacarisse
Harris County District Clerk
400 Civil Courts Building
301 Fannin Street
Houston, Texas 77002

Re:     Cause No. 2003-31315; *Christus St. Joseph Hospital v. Turner Construction Company of
        Texas, Elmore Interest, Inc., L.S. Decker, Inc., RA-MAR Sheet Metal, Inc., Veazey
        Construction Corporation and Top Concepts, Inc.*; In the 281st Judicial District Court of
        Harris County, Texas
        Our File No. 417-001

Dear Mr. Bacarisse:

        Enclosed for filing in the above-referenced cause of action is the original and one copy of
Top Concepts, Inc.'s Suggestion of Bankruptcy.

        Please mark the enclosed copy with the date and time of filing (**which, pursuant to Rule
5 of the Texas Rules of Civil Procedure, is the date of mailing – June 29, 2004**) and return the
same to our office in the enclosed self-addressed, stamped envelope.

        Thank you very much for your time and assistance in this matter.

                                        Very truly yours,

                                        O'CONNELL & BENJAMIN, L.L.P.

                                        By: _____
                                              Dan Vana

DPB/mm
Encl.

cc:     *Via Facsimile*
        Mr. Ronald L. Bair

Mr. Eric P. Chenoweth
Ms. Cindy Garcia
Mr. John Engvall, Jr.
Mr. W. Gene Hinman, Jr.
Mr. David P. Grabowski
Mr. Ronald E. Hood
Mr. Chris C. Pappas
Mr. Marc J. Wojciechowski

CAUSE NO. 2003-31315

| | | |
|---|---|---|
| CHRISTUS ST. JOSEPH | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 281ST JUDICIAL DISTRICT |
| | § | |
| TURNER CONSTRUCTION COMPANY | § | |
| OF TEXAS, ELMORE INTEREST, INC., | § | |
| L. S. DECKER, INC., RA-MAR SHEET | § | |
| METAL, INC., VEAZEY | § | |
| CONSTRUCTION CORPORATION AND | § | |
| TOP CONCEPTS, INC. | § | HARRIS COUNTY, TEXAS |

## TOP CONCEPTS, INC.'S SUGGESTION OF BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

1.      On May 3, 2004, CEI Roofing, Inc. and its affiliated debtors, including Top Concepts, Inc., and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United State Bankruptcy Code (the "Bankruptcy Petition"), Case No. 04-35113, pending before the United State Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Debtors' Bankruptcy Cases").

2.      A true and correct copy of the face page of the Bankruptcy Petition(s) filed by the Defendant(s) Debtor(s) is attached hereto as Exhibit "A".

3.      Pursuant to the provisions of Section 362(a)(1) of the United States Bankruptcy Code, the filing of the Bankruptcy Petition operates to stay all entities from the commencement or continuation of all judicial, administrative, or other actions or proceedings against the Debtors (i) that were or could have been commenced before the commencement of the Debtors' Bankruptcy Cases, or (ii) to recover any claims against the Debtor that arose before the commencement of the Debtors' Bankruptcy Cases. See 11 U.S.C. § 362(a)(1). Further, Section 362 operates to stay any act to obtain possession property of the estates or to exercise control over property of the estates.

1.      The automatic stay of Section 362 applies to the instant litigation.

Dated June 29th, 2004.

Respectfully submitted,

O'CONNELL & BENJAMIN, L.L.P.
153 Treeline Park, Suite 200
San Antonio, Texas 78209
Telephone: (210) 824-0009
Facsimile: (210) 824-9429

David P. Benjamin
State Bar No. 02134375
Dan Vana
State Bar No. 20435750

ATTORNEYS FOR TOP CONCEPTS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded via facsimile on this the _29th_ day of June 2004, to the following counsel:

Mr. Ronald L. Bair
The Bair Law Firm
523 North Sam Houston Parkway, E., Suite 600
Houston, Texas 77060-4036

Mr. Eric P. Chenoweth
Yetter & Warden, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010.

Ms. Cindy Garcia
The Garcia Law Firm, P.C.
201 North 1st Street
Harlingen, Texas 78550

Mr. John Engvall, Jr.
Engvall & Hlavinka, L.L.P.
2603 Augusta, Suite 1200
Houston, Texas 77057-5639

Mr. W. Gene Human, Jr.
Three Riverway #1800
Houston, Texas 77056

Mr. David P. Grabowski
Grabowski & Thompson, L.L.P.
10370 Richmond Ave., #1338
Houston, Texas 77042

Mr. Ronald E. Hood
Cokinos, Bosien & Young
2919 Allen Parkway, Suite 1500
Houston, Texas 77019

Mr. Chris C. Pappas
Dunn, Kacal, Adams, Pappas & Law, P.C.
One Riverway, #1200
Houston, Texas 77056

Mr. Marc J. Wojciechowski
Wojciechowski & Associates, P.C.
17447 Kuykendahl Rd., #200
Spring, Texas 77379

David P. Benjamin

JUN/29/2004/TUE 04:11 PM                                                          P. 008/009

FORM B1

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

**VOLUNTARY PETITION**

Name of Debtor (If individual, enter Last, First, Middle):
Top Concepts, Inc.

Name of Joint Debtor (Spouse) (Last, First, Middle):

All Other Names used by the Debtor in the last 6 years
(include married, maiden, and trade names):

All Other Names used by the Joint Debtor in the last 6 years
(include married, maiden, and trade names):

Soc. Sec./Tax I.D. No. (If more than one, state all):
65-0824710

Soc. Sec./Tax I.D. No. (If more than one, state all):

Street Address of Debtor (No. & Street, City, State & Zip Code):
15428 and 13436 McGarth
Houston, TX 77047

Street Address of Joint Debtor (No. & Street, City, State & Zip Code):

County of Residence or of the
Principal Place of Business:
Harris County, TX

County of Residence or of the
Principal Place of Business:

Mailing Address of Debtor (If different from street address):

Mailing Address of Joint Debtor (If different from street address):

Location of Principal Assets of Business Debtor
(If different from address listed above):

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

Venue (Check any applicable box)

Type of Debtor (Check all boxes that apply)
- Individual
- Corporation
- Partnership
- Other

Nature of Debt (Check one box)
- Consumer/Non-Business

CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box)
- Chapter 7
- Chapter 9
- Chapter 11
- Chapter 12
- Chapter 13
- Sec. 304 Case ancillary to foreign proceeding

Filing Fee (Check one box)

Chapter 11 Small Business (Check all boxes that apply)

STATISTICAL/ADMINISTRATIVE INFORMATION (Estimates only)

THIS SPACE FOR COURT USE ONLY

Estimated Number of Creditors

Estimated Assets

Estimated Debts

VOLUNTARY PETITION — Page 1



EXHIBIT
"A"

ELECTRONICALLY FILED
Akin Gump Strauss Hauer & Feld LLP
C. Gibbs        15/3/04

JUN/29/2004/TUE 04:11 PM

P. 009/009

**Voluntary Petition**
(This page must be completed and filed in every case)

Name of Debtor(s): Top Concepts, Inc.

FORM B1, Page 2

Prior Bankruptcy Case (Filed Within Last 6 Years (If more than one, attach additional sheet)

Location
Where Filed:   None

Case Number:                    Date Filed:

Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

Name of Debtor:   see attached

Case Number:        Date Filed:

District:

Relationship:        Judge:

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Authorized Individual

X _____
Signature of Joint Debtor

Darrell P. Morton
Printed Name of Authorized Individual

Telephone Number (if not represented by attorney)

Vice President
Title of Authorized Individual

Date

May 3, 2004
Date

**Signature of Attorney**

X _____
Signature of Attorney for Debtor(s)

Charles R. Gibbs
Printed Name of Attorney for Debtor(s)
Akin Gump Strauss Hauer & Feld LLP
Firm Name
1700 Pacific Avenue, Suite 4100
Address
Dallas, Texas 75201
Telephone Number
May 3, 2004
Date

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Printed Name of Bankruptcy Petition Preparer

Social Security Number

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐

X _____
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)        Date

VOLUNTARY PETITION - Page 2
1P0093.0006 WEST 5309067 v1

P. 001/009

O'CONNELL & BENJAMIN, L.L.P.
ATTORNEYS AND COUNSELORS
182 TREELINE PARK, SUITE 300
SAN ANTONIO, TEXAS 78209

*ECP*
*7522-9*

JUN 3 0 2004

TELEPHONE (210) 824-0009
FACSIMILE (210) 824-9429

E-MAIL: obsllp@oconben.com

# TELECOPY TRANSMITTAL

| | | | |
|---|---|---|---|
| **DATE:** | June 29, 2004 | **FILE NO.:** | 417-001 |
| **FROM:** | Dan Vana | **OPERATOR:** | Meghan |
| **TO:** | Mr. Chris C. Pappas | **FAX NUMBER:** | (713) 529 8161 |
| **TO:** | Mr. Eric P. Chenoweth | **FAX NUMBER:** | (713) 632-8002 |
| **TO:** | Ms. Cindy Garcia | **FAX NUMBER:** | (956) 412-7105 |
| **TO:** | Mr. John Engvall, Jr. | **FAX NUMBER:** | (713) 787-0070 |
| **TO:** | Mr. W. Gene Human, Jr. | **FAX NUMBER:** | (713) 850-1345 |
| **TO:** | Mr. David P. Grabowski | **FAX NUMBER:** | (713) 267-8369 |
| **TO:** | Mr. Ronald E. Hood | **FAX NUMBER:** | (713) 535-5533 |
| **TO:** | Mr. Marc J. Wojciechowski | **FAX NUMBER:** | (281) 999 1955 |
| **TO:** | Mr. Ronald L. Bair | **FAX NUMBER:** | (713) 868-9444 |
| **TO:** | | **FAX NUMBER:** | |

NUMBER OF PAGES, INCLUDING THIS PAGE:   9

MESSAGE:   Please see attached

THIS FACSIMILE MESSAGE IS A PRIVILEGED AND CONFIDENTIAL COMMUNICATION AND IS TRANSMITTED FOR THE EXCLUSIVE INFORMATION AND USE OF THE ADDRESSEE. PERSONS RESPONSIBLE FOR DELIVERING THIS COMMUNICATION TO THE INTENDED RECIPIENT ARE ADMONISHED THAT THIS COMMUNICATION MAY NOT BE COPIED OR DISSEMINATED EXCEPT AS DIRECTED BY THE ADDRESSEE. IF YOU RECEIVE THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND MAIL THE COMMUNICATION TO US AT OUR LETTERHEAD ADDRESS. FURTHER, IF THE READER OF THIS TRANSMITTAL PAGE IS NOT THE INTENDED RECIPIENT OR A REPRESENTATIVE OF THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, DISSEMINATION OR COPYING OF THIS FAX OR THE INFORMATION CONTAINED HEREIN IS PROHIBITED. THANK YOU.